

Criminal Appeals Bureau
199 Water Street
New York, NY 10038
www.legal-aid.org

Will A. Page
*Staff Attorney*
T (212) 577-3442
F (646) 616-4024
wpage@legal-aid.org

John K. Carroll
*President*

Janet E. Sabel
*Attorney-in-Chief*
*Chief Executive Officer*

Justine M. Luongo
*Attorney-in-Charge*
*Criminal Practice*

David Loftis
*Attorney-in-Charge*
*Post-Conviction and*
*Forensic Litigation*

April 30, 2020

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York

United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

VIA ECF

      Re:   <u>Maritza and Yancy Marquez v. Annucci et al.</u>
             20 Civ. 1974
             **Suggestion of Death of Defendant Joseph Lima**

Your Honor:

      Counsel for Plaintiffs respectfully write to ensure that the recently filed purported suggestion of death (ECF No. 76) does not artificially start a dismissal clock with respect to the claims asserted against Defendant Joseph Lima.

      As your honor is undoubtedly aware, under Fed. R. Civ. P. 25(a)(1), "within 90 days after service of a statement noting the death" of a defendant, a motion for substitution must be made or else the action against the decedent must be dismissed. Rule 25(a)(1); *Crichlow v. Fischer*, No. 12 Civ. 7774 (NSR), 2015 WL 678725, at *4 (S.D.N.Y. Feb. 17, 2015). Nevertheless, because Defendant Lima was a state correctional officer sued in his individual capacity, then, "under Rule 25(a)(1), the statement of death submitted by the Government is insufficient," as it should include "the nam[e] of the executors of the decedent's estate[.]" *Young v. Patrice*, 832 F. Supp. 721, 725 (S.D.N.Y. 1993); *cf. Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) (surviving spouse's "statement of the fact of death was sufficient to trigger Rule 25(a)(1) despite its failure to identify a legal representative or successor" in a civil commercial litigation).

      Given that this is a Section 1983 action alleging unconstitutional acts on the part of the State and its actors, and given the statutory framework in place in New York providing indemnification and representation for such officers, Plaintiffs' position is that the Attorney General's Office should provide the name of the executor of Joseph Lima's estate. *See, e.g.*, *Palmer v. Stewart*, No. 02 Civ. 4076 (LTS) (GWG), 2003 WL 21279440, at *1 (S.D.N.Y. June 4, 2003) (ordering N.Y.C. Corporation Counsel to investigate the proper executive or administrator of deceased officer's estate for a *pro se* plaintiff).

      Plaintiffs will, of course, file a motion of substitution once that information is provided.

<u>The Marquezes v. Annucci et al. (20 Civ. 1974)</u>                                              Page 2

       Should the Court have any questions or concerns about this submission, I can be reached at the contact information below.

Respectfully yours,

*[signature]*

Will A. Page (**wpage@legal-aid.org**)[1]
Staff Attorney
(212) 577-3442 (office)
**(646) 584-9509** (mobile)

Janet E. Sabel
Tomoeh Murakami Tse
THE LEGAL AID SOCIETY
CRIMINAL APPEALS BUREAU
199 Water Street, 5th Floor
New York, New York 10038

*Counsel for Plaintiffs*


VIA ECF

cc.:    John D. Winter & Christina M. Seda-Acosta (co-counsel for Plaintiffs)
jwinter@pbwt.com; cseda@pbwt.com

       Jeb Harben, Assistant Attorney General (counsel for Defendants)
jeb.harben@ag.ny.gov

---

[1] In light of the COVID-19 crisis, our office is working remotely. Electronic communications or calls to my office mobile phone are the fastest ways to contact me.