UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARITZA MARQUEZ and
YANCY MARQUEZ,

                                Plaintiffs,

                  – against –

ANTHONY J. ANNUCCI, Acting Commissioner of
the New York State Department of Corrections and
Community Supervision, *in his official capacity only*;
WILLIAM HOGAN, Regional Director of New York
State Department of Corrections and Community
Supervision; JOSEPH LIMA, Area Supervisor for the
New York State Division of Parole; Bureau Chief
LEWIS SQUILLACIOTI; Senior Parole Officer M.
MEDINA; Parole Officer ROSA NUNEZ; Senior
Parole Officer R. HAMILTON; Senior Parole Officer
KEVIN UZZELL; Senior Parole Officer NEELEY;
Bureau Chief MARK PARKER; Parole Officer
ALEXANDRA MANDERSON; Parole Officer
BRIAN FULLER; Parole Officer MERCEDES; Parole
Officer JOHN DOE; Parole Officer RODRIGUEZ;
Parole Officer McEWEN; Parole Officer LOFTON;
Senior Parole Officer HAMILTON; Parole Officer
LINDSY OSOUNA; Senior Parole Officer J.
KENNEDY; and, Parole Officer A. CONYERS,

                                Defendants.

20 Civ. 1974 (AKH)

**[~~PROPOSED~~] ORDER INCORPORATING JOINT TERMS FOR PRELIMINARY INJUNCTION**

On July 9, 2020, having reviewed the papers supporting Plaintiffs' motion for a preliminary injunction, the papers filed in opposition, and arguments made at a hearing on the motion, this Court granted Plaintiffs' motion for a preliminary injunction. *See* Order on Motion to Dismiss and Motion for a Preliminary Injunction, Dkt. No. 101 ("July 9 Order"). Per the July 9 Order: The remaining Defendants "are preliminary enjoined from creating or enforcing any conditions of supervision that prevent, or interfere with, Plaintiffs' lawful relationship as a

married couple.  They are further enjoined from forcing Plaintiffs to wear GPS monitoring equipment." *Id.* at 14.

Defendants represent that, in light of the Court's Order, contact restrictions between Plaintiffs have been lifted.  Additionally, any GPS monitoring was terminated prior to the date of the Order.

Additional specific terms of the injunction, as applicable to the remaining Defendants, are further defined, as agreed-upon by the parties, as follows:

- Plaintiffs can see and interact with each other with no restrictions, though the other applicable parole conditions included in their respective conditions of parole continue to apply, including, but not limited to, applicable curfews, travel restrictions, restrictions on criminal conduct, narcotic and/or substance use, interactions with other felons (not including each other), and restrictions on access to pornography, to the extent that these conditions remain in effect.

- Defendants will take no action to prevent Plaintiffs from living together as husband and wife, nor unreasonably delay implementing such cohabitation, including at Mrs. Maritza Marquez's SARA-compliant residence, which Plaintiffs have represented is not the residence of any children under the age of eighteen, and which has already been approved by those supervising Mrs. Marquez.

This preliminary injunction is to take effect IMMEDIATELY and shall remain in effect pending trial in this action or further order of this Court.

The above contours of the preliminary injunction shall be communicated to responsible DOCCS employees, including any and all parole officers and supervisors who currently supervise Plaintiffs and/or take over their supervision during the pendency of this litigation.

A copy of these terms shall be placed in Plaintiffs' supervision case files and attached to their signed written conditions of supervision.

SO ORDERED.

DATED:     July 17, 2020
            New York, New York

                        /s/ Alvin K. Hellerstein
                        Hon. Alvin K. Hellerstein
                        United States District Judge